THE STATE, JOHN S. AMERMAN, PROSECUTOR, v. HUGH M. HILL AND GEORGE M. HILL.

1. It is essential to the jurisdiction of the Common Pleas to hear and grant an application for license under the Inns and Taverns act, that the accompanying recommendation shall be signed by twelve reputable freeholders, and shall contain their certificate that the applicant is of good repute for honesty and temperance, and is known to them to have the accommodations mentioned in section 2 of the act.

2. Any person imposing on the court by such a certificate will be subject to the prosecution and penalty provided for in section 4, but the Common Pleas, in considering the application, does not err in rejecting evidence offered to show that the certifying freeholders had no such knowledge as would justify them in certifying to applicant's reputation; and did not have the knowledge they asserted as to the prescribed accommodation, for the jurisdiction of the court is dependent, not on the existence of the facts certified, but on the certificate thereof by the proper persons.

.3. It is not essential that an applicant shall, at the time of the application, be an inhabitant of the house in which the applied for inn is to be kept.

4. The Common Pleas may license more than one person to keep an inn and tavern under the said act.

On *certiorari.*

This *certiorari* brings up an order of the Somerset Common Pleas, granting to defendants a license to keep an inn. Prosecutor and others remonstrated against the granting of the license, and presented to that court the questions indicated in the opinion.

Argued at November Term, 1889, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *L. H. Schenck.*

For the defendants, *A. A. Clark.*

The opinion of the court was delivered by

MAGIE, J. In the court below, remonstrants offered to prove that the persons who signed the recommendation accompanying defendants' application for license did not know that applicants had the accommodations which they certified they knew applicants had. Remonstrants also offered to prove that the certifiers did not have knowledge of the repute of applicants for honesty and temperance. Both offers were rejected, the court, however, declaring that proof might be made that applicants did not in fact have the required accommodations, or were not of good repute for honesty and temperance.

The rejection of these offers is the ground of objections set forth in the first and second reasons, which thus present the same point and may be considered together.

The contention is, that the rejected evidence would have shown that the court below had no jurisdiction to entertain defendants' application, or to grant the license applied for.

One of the essentials to the jurisdiction of the Common Pleas in this regard, is the recommendation of twelve reputable freeholders, who shall therein certify that applicant is of good repute for honesty and temperance, and is known to them to have the accommodations mentioned in section 2 of the Inns and Taverns act. If the certificate does not meet the requirements of that section, or if it is shown that it is not made by the required freeholders, jurisdiction to proceed is wanting. *Dufford* v. *Nolan*, 17 *Vroom* 87.

But the act does not make the jurisdiction of that court to depend on the existence of the facts certified, but simply on the certificate thereof.

The court may inquire, and, in a proper case, is bound to inquire, whether the applicant is of good repute for honesty and temperance, and has the accommodations more specifically detailed in section 16 of the act. But such inquiry is made after jurisdiction has been acquired by a certificate from proper persons, and in conformity with the requirements of the act.

It was therefore immaterial in this case whether the certifiers were possessed of the requisite knowledge or not, because, to establish their lack of knowledge, would not have ousted the court from its jurisdiction. Any certifier, imposing on the court by such a certificate, renders himself liable to the criminal prosecution provided for by section 4 of the act, but his certificate will confer jurisdiction.

The court did not err in rejecting these offers.

It is next insisted, under the third reason, that one of the applicants was proved not to have been an inhabitant of the house in which the applied for inn was to be kept.

But the act in question nowhere requires that the applicant for license shall be an actual inhabitant of the house when he asks for license to keep an inn therein. An application for license in a house "now building" was not thought objectionable. *Barnegat* v. *Busby*, 15 *Vroom* 627. Moreover, the facts returned by the court as found, indicate that the applicant, who did not actually inhabit the house at the time of

the application, yet had his legal residence there, and intended to take up his abode there.

There was nothing in these facts to prevent the court from considering the application.

Under the last specific reason, it is contended, that the Common Pleas are not authorized to license more than one person to keep an inn, and that a license to more than one is void.

It was conceded, in the argument, that section 9 of the "Act relative to statutes," approved March 27th, 1874 (*Rev.*, *p.* 1120), which prescribes, that whenever, in describing or referring to any person, any word importing the singular number is used in any statute, the same shall be understood to include, and shall apply to, several persons as well as one person (unless it be otherwise provided, or there be something in the subject or context repugnant to such construction), was applicable to the Inns and Taverns act.

Conceding such applicability, counsel contended, that the provisions of that act are repugnant to a construction which would authorize the license of more than one person.

The authority conferred by the Inns and Taverns act is contained in section 1, and is, " to grant licenses to persons to keep inns and taverns," &c.

It is true, that in the following sections the word " person " is invariably used in the singular number, as, for example, in section 2, " No person shall be licensed   *   *   *   but such as shall be recommended," &c.; in section 5, " Every person, before he or she shall receive a license,   *   *   *   shall become bound by recognizance," &c., and in section 17, " Every person to whom the court shall see cause to grant license, *   *   *   shall   *   *   *   pay to the clerk   *   *   *   such sum," &c.

But this use of the singular number will not show an intent to limit the general grant contained in section 1, unless it renders these sections inapplicable to a.license granted to more than one person.

A consideration of all these sections which thus use the singular number, does not make it clear that they are inconsistent with an application by, and a grant to, more than one person. A recommendation of two applicants would be a recommendation of each; each of two or more licensees would be bound by a joint recognizance; each would unite in the payment of the license fee, and each would be subjected to all the burdens, and bound to perform all the duties, prescribed for a " person."

Nor would more than one recommendation be necessary, as has been suggested. The provisions of section 42 do not disqualify freeholders from recommending, when they have previously recommended another person, but only when they have recommended another application for license in the same locality.

Nor can I adopt the view, that a license to keep an inn establishes a relation which can only be sustained by one individual. The peculiar personal obligations assumed by a master toward his apprentice, led this court to declare that an apprentice could not be bound to more than one master. *Thorpe* v. *Rankin*, 4 *Harr.* 36. But the act before us imposes public duties, and to the failure to perform them annexes penalties, such as the forfeiture of the license, and the like. If two or more persons ask and accept such a license, they jointly subject themselves to the performance of the required duties, and each takes the risk of penalty and forfeiture from the misconduct or dereliction of the other. There is nothing in the nature of the duties to indicate that they may not be thus imposed and performed.

Nor do I apprehend that a license to two persons to keep an inn in a specified house, would justify or protect either in opening two inns in such house after a dissolution of their joint interest. The license in such a case would be joint, and cover only joint transactions.

The provisions of section 2, which require a certificate that applicant has certain accommodations, " more than are necessary for the family's use," present a more perplexing question,

but, on reflection, I have come to consider, that such a certificate as to two persons must be construed to refer to the families of both applicants, and thus to conform to the intent of the provision.

The result is, that I do not find in this act any provision repugnant to a construction such as the "Act relative to statutes," seems to require.

Without resort to that act, I am also of opinion that the grant of power contained in section 1 of the Inns and Taverns act is not necessarily restrained by the use of the singular number in the following sections, but that the whole act, taken together, may well be construed as authorizing the license of more than one person.

This construction has, for a long time, been given to the act. Licenses to keep hotels have been granted to firms, and that, too, when, as a rule, such applications were passed on by the justices of this court, sitting in the Common Pleas. The objection now made has never been directly presented to this court, but, in *Batchelder* v. *Erb*, 18 *Vroom* 92, a license granted to one, on an application of two persons, was considered here. The license was vacated, on the ground that the recommendation was in favor of both applicants, it being held that a grant to one was not justified upon such a recommendation. The learned judge who wrote the opinion did not intimate that such an application invoked an authority not possessed by the court. On the contrary, the reason given for the revocation of the license seems inconsistent with the view that the license of two persons could not be granted.

None of the reasons assigned are sufficient to indicate error in the order brought up. It must therefore be affirmed, with costs.