THE STATE, THOMAS C. DILKES, Jr., PROSECUTOR, v.
SAMUEL A. PANCOAST.

An application to the Court of Common Pleas for license to keep an inn and tavern, after refusal, cannot be withdrawn by leave of the court without notice; and a license granted at a subsequent term, within a year after the prior application was rejected, is illegal.

---

On *certiorari* to the Court of Common Pleas of the county of Gloucester.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *Austin H. Swackhamer*.

For the defendant, *Bergen & Bergen*.

The opinion of the court was delivered by

SCUDDER, J.   Samuel A. Pancoast, the defendant, pre-sented an application to the Court of Common Pleas for a license to keep an inn and tavern, pursuant to the statute,. September 11th, 1890.   The court refused to grant a license. Subsequently, on October 8th, 1890, he moved, by his coun-sel, for a reconsideration of the action of the court in rejecting his license, which motion was denied.   November 11th, 1890, on motion to reconsider their action in refusing the applica-tion, the court opened the case, and allowed the applicant to withdraw his petition from the files of the court.

At December Term, 1890, another application was made by Pancoast for license at the same place, in the township of Mantua.   A remonstrance was presented, many witnesses were examined on both sides, and, after hearing, on December 15th, 1890, the license was granted.   The objection to this license is that the statute says, section 35, that it shall not be lawful for an applicant, whenever the Court of Common Pleas shall reject and refuse to grant the application, to apply again for said license at any time within one year thereafter. *Rev., p.* 491.

We think this objection is well taken.   The court having considered the application at September Term, rejected and refused it.   This action was final ; the power of the court in the premises was exhausted, and it could not at a subsequent day reconsider it and permit the applicant to withdraw his application.   The evident purpose was, after the experiment had been tried upon the court and failed, to avoid the effect of the statute that forbade the applicant to apply again for the license at any time within a year after his application had been rejected.   The policy of the act being so clearly shown,. to protect both the court and the public from being impor-tuned and harassed by repeated applications after a decision has once been made, this would be best attained by holding

that the refusal of the court, having been once deliberately made, shall be final, and prevent another application being made within a year thereafter. There is another part of the statute which makes this result conclusive. Section 11 requires that the application shall be made on the first day of the session of the court, and " the said court shall, on the first day of said session, or on some other day thereof publicly fixed, or by the said court on the said first day, determine in open court on said application by granting or refusing the same." This demands that public notice shall be given, that everyone interested may attend and have a hearing whenever the court shall act by granting or refusing the license. To open the matter at a subsequent day in the term, reconsider and allow the application to be withdrawn, without such public notice, is not within the power of the court, and any such action taken is a nullity. It follows that, the judgment of the court in refusing the license at September Term being final, the application at December Term following was prohibited by statute, and the order granting the license, and the license itself, will be adjudged null and void.