THE STATE, ISAAC HINCHMAN ET AL., PROSECUTORS,
v. DOROTHEA STOEPEL.

Section 11 of "An act concerning inns and taverns" (*Rev., p.* 488), provides that all applications for license shall be determined by the court on the first day of its session, or upon a day then publicly fixed by the court. An order not made upon either of said days, or upon a day to which the matter has been regularly continued by the court, is a nullity, and will, upon proper application, be set aside.

---

On *certiorari.*

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutors, *C. V. D. Joline.*

The opinion of the court was delivered by

GARRISON, J. The defendant Dorothea Stoepel made her application at the October Term of the Camden Pleas for a license to keep an inn and tavern. A remonstrance was filed by the prosecutors of this writ, and upon October 27th the court refused to grant a license. On the same day a motion was made on behalf of the defendant to open the application, and on October 31st an order was made opening the application for reconsideration. This writ was then sued out by the prosecutors bringing up the record and challenging the power of the Court of Common Pleas to make the order of October 31st.

Section 11 of " An act concerning inns and taverns " (*Rev., p.* 488), provides that " all and every person applying to any court authorized by law to grant a license to keep an inn and tavern shall make his or her application to the court for said purpose on the first day of the session of said court, and the said court shall, on the first day of said session, or on some other day thereof, publicly fixed on by the said court on the said first day, determine in open court on said application, by granting or refusing the same." The presumption most favorable to the defendant is that October 27th was the day publicly fixed on by the Court of Common Pleas on the first day of its session for the determination of defendant's application. The only determination reached on that day was a refusal of the license. The order to reopen was not made until October 31st, which day was neither the first day of the session nor a day then publicly fixed on by the court, nor a day to which the consideration of the matter had been regularly continued by the court. There was, therefore, on October 31st, no jurisdiction in the Court of Common Pleas with respect to the defendant's application, and the order reopening the same for reconsideration must be treated as a nullity. The case of *The State, Dilkes, prosecutor,* v. *Pancoast,* 22 *Atl. Rep.* 122, is an authority in point. In that case the court, having refused an application, on a later day opened the matter and allowed the petitioner to withdraw his application. It was held by this

court that the order permitting the withdrawal, having been made upon a day other than that publicly fixed on, was without effect, the court being at the time, with respect to the defendant's application, *functus officio.*

In the present case the court was without jurisdiction to make order to reopen, let it be set aside with costs.