THE STATE, JOSIAH WHITE, PROSECUTOR, v. ATLANTIC CITY AND JOHN WEIDEMER.

Argued June 7, 1898—Decided January 13, 1899.

1. Where a license to sell intoxicating liquors has been granted by a municipal body contrary to law, such action may, in the discretion of this court, be reviewed on *certiorari*, at the instance of a citizen and taxpayer of such municipality.

2. The refusal to grant such a license by a municipal body whose licensing power is subject to the same restrictions and provisions as are imposed by statute upon the like power when exercised by the courts of common pleas of this state is final, and subsequent reconsideration of such action, resulting in the granting of the license, is contrary to law and void.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *Thompson & Cole.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

GUMMERE, J.   John Weidemer having applied to the city council of Atlantic City for a license to keep an inn and tavern, his application was denied and a license refused.   This action of the city council was had on the 7th day of February, 1898.   Two weeks later the city council reconsidered its action, and granted to Weidemer the license which it had originally refused to him.   The legality of this action is challenged by the prosecutor.

A preliminary question is presented for determination, namely, whether the plaintiff has any right to stand as the prosecutor of a writ of *certiorari* for the purpose of contesting the legality of Weidemer's license.   Where a license to keep an inn and tavern is granted by a local body contrary to law, a *certiorari* to review such action may be granted at the instance of a resident and taxpayer of the place where the license is to be exercised.   Many cases may be found in our reports where this has been done.   *Dufford* v. *Staats,* 25 *Vroom* 286, and cases cited.   It has usually happened in such cases that the party applying for the writ has not only been a resident and a taxpayer but also that he has remonstrated before the local body against its action.   But the fact that the applicant for the writ has been a remonstrant against the action complained of, although it may be persuasive in determining whether or not his application should be granted, is not jurisdictional.   The fact that the applicant is a resident and taxpayer, without more, is sufficient to justify the action of the court in allowing the writ.

The prosecutor in this case both sued out the writ and prosecuted it before this court, as a citizen and taxpayer of Atlantic City.   He did not, however, submit any proof upon

this point, and it is insisted that, because of his failure to do so, this writ should be dismissed.

The rule that the plaintiff in *certiorari* must prove his *status* is not universal, and those cases in which he prosecutes as a citizen and taxpayer, are exceptions. In those cases his right to prosecute will be presumed to exist without proof, in the absence of any call for evidence on the subject. *West Jersey Traction Co. v. Camden*, 29 *Vroom* 362.

The defendants, therefore, are not entitled to a dismissal of this writ by reason of the fact that no affirmative proof was submitted by the prosecutor of his *status* as a citizen and taxpayer.

It remains to be considered whether the action of the city council in granting a license to Weidemer, after originally refusing his application, was illegal.

By the tenth section of the charter of Atlantic City its city council is vested with the sole and exclusive right and power of licensing every inn and tavern-keeper residing in the city limits, " subject to the same restrictions and provisions, and in like manner in every particular, as the same is or may be lawfully done by the Inferior Court of Common Pleas in this state." *Pamph. L.* 1866, *p.* 320.

In the case of *Dilkes* v. *Pancoast*, 24 *Vroom* 553, this court, in determining the question of the legality of a course of action by the Court of Common Pleas of Gloucester county, similar to that which is now complained of, declared that its original action in rejecting the application for a license was final ; that its power in the premises was thereby exhausted and that it could not, at a subsequent day, reconsider its action.

The legislature having declared that the provisions of the law regulating the granting of licenses by the Courts of Common Pleas of the state should apply to the granting of licenses by the city council of Atlantic City, it is manifest that, under the decision in *Dilkes* v. *Pancoast, supra,* the municipal action complained of was wholly invalid. The license granted to the defendant Weidemer will therefore be set aside, with costs to the prosecutor.