WILLIAM J. FERGUSON v. ATLANTIC CITY AND BENJAMIN
G. FITZGERALD.

Argued November 1, 1898—Decided February 27, 1899.

1. An application for tavern license with the requisite number of signers,
   duly certified, gives jurisdiction to the licensing tribunal, and the
   burden is upon those who object to it to show a fatal infirmity in it.
2. If a petition for license is withdrawn by the applicant before action is
   taken upon it, a license may be granted upon a new petition subse-
   quently presented.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the prosecutor, *Clarence L. Cole.*

For the city, *Godfrey & Godfrey.*

For Fitzgerald, *Robert G. Ingersoll.*

The opinion of the court was delivered by

VAN SYCKEL, J.   In April, 1898, Fitzgerald petitioned
the common council of Atlantic City for a license to keep an
inn and tavern.

April 16th, 1898, certain property-owners filed a remon-
strance against granting the license.

April 25th, 1898, before action was taken upon the appli-
cation, the council permitted Fitzgerald to withdraw his
petition.

In May, 1898, Fitzgerald filed a new petition for license.

May 31st, 1898, C. L. Cole, on behalf of the remonstrants,
sent a communication to the common council that he opposed
the license:

*First.* Because they were without power to grant such
license after permitting the first petition to be withdrawn.

*Second.* Because there were not enough competent signers
to the petition.

June 6th, 1898, Mr. Cole appeared for the remonstrants and opposed the license on the ground that council had exhausted its power, and could not lawfully grant a license after the first petition was withdrawn.

This was a waiver of any other objection, as no evidence was produced in support of the allegation that the signers to the petition were not competent.

The certificate to the petition being in due form, the burden· was upon the remonstrants to show some infirmity in it. *Amerman* v. *Hill*, 23 *Vroom* 326.

The objection to granting the license on the ground of want of power in the council was not well taken.

In *Dilkes* v. *Pancoast*, 24 *Vroom* 553, the petition was withdrawn after the license had been refused, while in the case before us the petition was withdrawn before any action had been taken upon it.

The writ should be dismissed, with costs.