CHALKLY S. CRAMER ET AL. v. DANIEL T. SOOY, JR.

Argued June 10, 1901—Decided November 11, 1901.

1. A person whose application for a license to keep an inn and tavern at one place has been rejected may apply within a year for a license at another place.
2. Applications for licenses to keep inns and taverns under the statute must be determined by the court on the first day of its session or upon a day then publicly fixed by the court, or possibly upon a day of public adjournment, fixed in open court, thereafter.
3. The day cannot be fixed out of court, privately, by agreement of counsel or between the judge and counsel.

On *certiorari* to the Burlington County Common Pleas.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Jacob C. Hendrickson.*

For the defendant, *Charles K. Chambers.*

The opinion of the court was delivered by

FORT, J. This writ brings up the proceedings of the Burlington Common Pleas granting a license to the defendant to keep an inn and tavern.

It is first contended that the defendant, Daniel T. Sooy, Jr., had applied for a license to keep an inn and tavern (but not at this same place) at the term of court previous to the one at which this license was granted and had been refused, and that, by reason thereof, he could not apply again for a license within one year, nor could a license be granted to him within that time to keep an inn and tavern, either at the same place or at any other. The statute relied upon to sustain this position reads as follows:

"That whenever any of the inferior Courts of Common Pleas, in and for any of the counties in this state, shall reject and refuse to grant the application of any person or persons for license to keep an inn and tavern, under the provisions of this act, it shall not be lawful for such person or persons whose application to keep such inn and tavern shall have been rejected by the court aforesaid to apply again for said license at any time within one year thereafter." *Gen. Stat., p. 1793,* § 35.

We are unable to sustain this construction of the statute. Our view is that the act only interdicts application by the same person for the same place within one year after his application has been rejected. The statute provides that "it shall not be lawful for such person * * * whose application * * * shall have been rejected * * * to apply again for said license at any time within one year." The thing that he cannot apply for again within one year is "said license"— that is, the right to keep an inn and tavern at the place for which his application has been rejected within that time.

The other ground upon which the granting of this license is attacked, and we think rightfully, is that it was not granted on the first day of the session of the court or on some other day publicly fixed by the court on said first day.

The statute with regard to granting a license to keep an inn and tavern reads as follows: "That from and after the

passage of this act all and every person applying to any court authorized by law to grant license to keep an inn and tavern shall make his or her application to the court for said purpose, on the first day of session of said court, and the said court shall, on the first day of said session, or on some other day thereof, publicly fixed on by the said court on the said first day, determine in open court on said application, by granting or refusing the same." *Gen. Stat., p.* 1789, § 11.

By the record before us it appears that this application was regularly made to the court on the first day of the session of the court, and that, on said day, which was January 22d, a demurrer was filed to said application, on the ground that the applicant had been refused a license within one year. This demurrer appears to have been heard and dismissed January 26th. On January 25th a remonstrance against the license, signed by the prosecutors and others, was duly presented to the court. On January 26th the case was adjourned to February 2d. On February 14th the minutes recite that announcement was made that "the Daniel T. Sooy, Jr., license matter would be taken up to-morrow." The minutes of February 15th show that the Sooy license application was taken up; that Sooy was sworn and testified and the license granted.

The record returned by the clerk of the court is certified to be a "true, full and complete copy of the minutes of said court," and it does not show that, on February 2d, any other date was publicly fixed for a hearing upon the license of Sooy, which had been set for that date on January 26th. The announcement by the court on February 14th that "the Daniel T. Sooy license matter would be taken up to-morrow" was utterly without force, and could in no way give vitality to an application which had become dead by failure of the court to determine it on the first day of the session or on the day publicly fixed for such determination on said first day of the term, as required by statute.

It is not necessary to determine, in deciding the case before us, whether the Common Pleas can grant a license to keep an inn and tavern on any day other than the first day of said session (term), or on a day publicly fixed on said first day, be-

cause, even if it could be held that there was power in the court to adjourn the case from time to time and day to day beyond the day publicly fixed upon the first day, it is quite clear that such further adjournments and future dates must be publicly fixed, otherwise the court is without jurisdiction to grant.

There is nothing in the record to show that the case was, on the first day of the session of the court, publicly fixed for any future day. True, it appears that, on January 26th, the demurrer was argued and dismissed, and, if it could be implied that the statute had been complied with from the fact that the hearing was had on the 26th, then a subsequent lapse of publicly fixing the date appears in the record. On January 26th the case was adjourned to February 2d. There is no record that anything whatever was done with the application in open court on that date. On the 14th the judge appears to have announced, of his own motion, that the application would be taken up on the following day.

There is returned with the record a memorandum by the judge giving an account of the proceedings in this case. While this is no part of the return, and should not be considered by the court, because not here under a rule alleging diminution of the record, or a rule directing that he certify the facts, still, as it is here, and as it would not change the result we have reached, if the facts it states were conceded, we have treated it as a part of the case. In this memorandum the judge certifies as follows: "By consent of counsel the case was adjourned from the 2d to the 6th of February and from that date to the 8th, but the father of the presiding judge having in the meantime died, the case was adjourned, out of court by the parties, as the judge understood it, until Thursday, the 14th day of February."

This statement clearly leaves the court without jurisdiction. What parties adjourned it and from whom did the judge understand it? The statute is clear upon one point—the determination to grant or refuse a license must be in open court, "on a day publicly fixed by the said court." The day cannot be fixed out of court, privately, by agreement of counsel or

between the judge and counsel. The object of the statute is to notify the public. One objector, personally or by counsel, cannot control the day against others who are entitled to know and who may wish to appear in opposition to a license at the time publicly fixed of which all have a right to know. If such a procedure were possible, a friendly objector could consent to dates and defeat the very object of the statute.

This court has held that after a license has been refused the court cannot, even upon notice, reconsider the case, vacate the refusal and reopen the case, and allow the applicant to withdraw his application, for the reason, as the court says in that case, "that the order to reopen was not made on the first day of the session nor on a day then publicly fixed on by the court." *Hinchman* v. *Stoepel*, 25 *Vroom* 486.

The court was without jurisdiction to grant the license in this case, and it is set aside, with costs.