JAMES CONOVER v. THOMAS GREGSON AND ATLANTIC CITY.

Argued December 21, 1904—Decided February 27, 1905.

The city council of Atlantic City has authority, under section 20 of the act of 1902 (*Pamph. L., p.* 284) to license inns and taverns.

On *certiorari.*

Before Justice SWAYZE.

For the prosecutor, *George A. Bourgeois.*

For the defendant Gregson, *Charles C. Babcock.*

For Atlantic City, *Harry Wootton.*

The opinion of the court was delivered by

SWAYZE, J. The writ in this case brings up the proceedings of the city council of Atlantic City in granting a license to the defendant Gregson to keep an inn and tavern in that city.

I am satisfied that the applicant was not recommended by twelve freeholders, as required by the act concerning inns and taverns, and if the prosecutor were in a position to raise this objection, it would be fatal; but he did not present this objection to the city council; it is too late to present it now. This very question was decided in this court in *Smith* v. *Elizabeth,* 17 *Vroom* 312.

It is now urged that under the act now governing Atlantic City (*Pamph. L.* 1902, *p.* 284) the city council was without authority to license inns and taverns. This objection was not presented to the council, but it is of a different character, and not within the rule of Smith *v.* Elizabeth. The objection now made is fundamental and attacks the jurisdiction of the

city council to act at all; the objection in Smith v. Elizabeth was one depending upon the existence of certain facts, as to which the council was called upon to adjudicate; if certain facts were found, it had jurisdiction.

The fact that the present prosecutor did not appear to prosecute before the council the remonstrance he had filed does not prevent him from being heard now. He is a taxpayer and owner of real estate in the city, and might prosecute this writ even if no remonstrance had been filed. *White* v. *Atlantic City,* 33 *Vroom* 644.

The power granted to the city council of Atlantic City is contained in section 20. The city council is given full and exclusive power to license or prohibit the sale of malt, spirituous, vinous and all intoxicating liquors; to regulate and prescribe the terms and conditions upon which licenses shall be granted, the restrictions and limitations imposed and the fees to be paid, which are not to be less than the minimum fees prescribed by law. Section 21 directs that in granting licenses the form of application and mode of procedure prescribed for the granting of such licenses by the general laws of the state applicable thereto shall be observed. The powers given to the city council over the sale of liquor are intended to be very broad, and the legislature, in referring to the procedure under the general laws, obviously had in view the procedure under all the general laws relating to sale of liquor. The most important and best known of those laws is that known as the Inns and Taverns act. There seems to be no other general law regulating the sale of spirituous liquors at retail. The act of 1872 (*Gen. Stat., p.* 1797, *pl.* 60, &c.) relates only to beer, wine and malt liquors. The act of 1889 (*Gen. Stat., p.* 1810, *pl.* 132) relates to sales in quantity of more than one quart, and the license does not permit the liquors sold thereunder to be drunk on the premises. Unless we are prepared to say that no procedure is provided by section 21 for obtaining a license to sell spirituous liquors at retail, to be drunk on the premises, I think we must say that the

power granted by section 20 is to be exercised as far as concerns such sales by proceedings under the Inns and Taverns act, and I think this would include the power to license an inn and tavern, although the power is not given in express words. Although an inn and tavern is something more than a place where liquor is sold, yet it cannot be questioned that the most striking feature of the license to keep an inn and tavern is the right it gives to sell spirituous liquors.

Another argument weighs strongly on the same side. If the council has no power to license inns and taverns, that power must exist in the Court of Common Pleas, or not at all. It is quite inconceivable that the legislature ever intended that there should be no power to license inns and taverns in Atlantic City, when it carefully provided for the licensing of so many and such various kinds of business and authorized the city to impose license fees thereon for purposes of revenue. It is equally inconceivable that the legislature intended that the Court of Common Pleas should have this power in Atlantic City in view of the broad powers over the liquor traffic given by section 20 to the city council. Although the power to license inns and taverns is not given in the act in express words, it is a power commonly, if not universally, exercised by the municipal authorities in cities. The act of 1902 is a general act for the government of cities, and there is nothing to show an intent that cities under this act should have less power over the sale of liquor than other cities of the state. The language of section 20 indicates the contrary.

I think the city council had the power to license inns and taverns. The proceedings must be affirmed, with costs.