## JOHN G. BREESE v. MICHAEL WINTERS.

Argued November Term—Decided February 23, 1909.

Where an application for a license to sell intoxicating liquors is regularly before the Common Pleas, the court does not lose jurisdiction either (*a*) because under his license for the preceding year the applicant had sold to minors; or (*b*) because the final determination was made upon a day other than that fixed on the first day of the term to which the matter pending the hearing upon it had been publicly and regularly adjourned.

Application for *certiorari*.

Before Justices GARRISON, PARKER and VOORHEES.

For the rule, *James Steen*.

*Contra, Franklin W. Fort.*

The opinion of the court was delivered by

GARRISON, J. This is an application for an *allocatur* to a *certiorari* to bring up for review the action of the Common Pleas of Monmouth county granting a saloon license to Michael Winters.

The prosecutor relies upon two grounds, which are thus stated in the brief of counsel:

1. "That the uncontradicted evidence in this matter showed that the applicant within the preceding year had forfeited by sales to minors his then license, and that fact being proven to the court the court had not jurisdiction to grant a renewal thereof.

2. "That this license was not granted on the first day of the session or term of court or on some other day publicly fixed on said first day."

It will be observed that by each of these grounds it is the jurisdiction of the Pleas that is challenged.

The first proposition of the prosecutor is that if upon the

hearing of an application to grant a liquor license it is proved that the applicant had while selling under the license granted him for the preceding year sold liquor to minors, the Common Pleas is without jurisdiction to pass upon his pending application. We think that this is not a sound proposition of law. The jurisdiction of the Pleas to pass upon license application is statutory, and where the application complies with the statute the court has jurisdiction to grant or to deny the application in the exercise of a sound discretion. In the exercise of such a discretion the circumstance relied upon by the present prosecutor is entitled to its due weight, but in its legal aspect it is but one of the germane facts to be weighed and considered by the court in the exercise of the jurisdiction conferred in the statutory mode. In determining what weight should be given to such prior breach of the law the Pleas might properly, as it did in the present case, take into consideration the circumstance that such sales had been made under a misapprehension as to the age of the customer and upon his misrepresentation that he was in fact over twenty-one years of age, and in this same connection the court might take cognizance of the fact that a sale to a minor twenty years old had been made upon the written order of his mother authorizing such sale to her son; not because such order legalized such sale but because it had its bearing upon the ethical aspects involved in the consideration of the application. We are unable to agree to the prosecutor's proposition that the Common Pleas was without jurisdiction, and if we were to go further and consider its action in the premises we see no such abuse of the discretion reposed in it under the statute as would justify the substitution of our discretion for that of the Pleas.

The other ground is that the Common Pleas has no jurisdiction to grant a liquor license on any day other than the first day of the term or a day then publicly fixed.

We do not think that any such hard and fast rule is laid down by the statute. The language of the statute is, "That application for license under this act shall be made on the first day of the session of such court, and the said court

shall, on that day or on some other day publicly fixed by said court on said first day, determine in open court on said application, by granting or refusing the same." The reasonable construction of this language is that it is mandatory in its requirement that action shall not be taken by the court upon any day other than the first day of the term, unless the matter has been publicly and specifically set for such day. If the matter is not taken up on the first day of the term a day must then be publicly fixed when it will be taken up. If on the day so fixed the matter be not taken up the court loses jurisdiction unless the matter be publicly adjourned to a day specially fixed. If the matter be taken up on the first day or on the day then publicly fixed, but not concluded the day to which it is continued, must likewise be publicly fixed.

This construction is a reasonable one in view of the character and practice of the tribunal selected as the legislative agent and in view of the absurd and unjust results of the opposite construction. For if the proposition contended for by the prosecutor be sound, all that is necessary to defeat an application for a license is to summon more witnesses against granting it than the court can hear in a day—for in such case the court by the very act of hearing the facts becomes *ex necessitate* devoid of jurisdiction to pass upon them. Equally absurd and unjust would be the result if the witnesses upon one side occupied the whole of the day first fixed, for in that case the court in order to retain its jurisdiction must decide the matter without hearing the other side.

No such construction should be or ever has been placed upon this regulation. In the case of *Dilkes* v. *Pancoast,* 24 *Vroom* 553, Mr. Justice Scudder, speaking of this regulation, said: "This demands that public notice shall be given that everyone interested may attend and have a hearing *whenever* the court shall act by granting or refusing the license."

In the case of *Hinchman* v. *Stoepel,* 25 *Vroom* 486, the syllabus is, "An order not made upon either of said days or upon a day to which the matter has been regularly continued by the court is a nullity."

In *Cramer* v. *Sooy*, 38 *Vroom* 107, Mr. Justice Fort, speaking of this section, said: "It is quite clear that such further adjournments and future dates must be publicly fixed, otherwise the court is without jurisdiction to grant."

In the present case the day fixed on the first day of the term was October 15th, after which, pending the hearings upon it, the matter was publicly and regularly adjourned until November 12th, at which time it was finally determined.

Reaching the conclusion that the jurisdiction of the Common Pleas in the present case is not open to attack upon either of the grounds advanced by the prosecutor, the *allocatur* for which he applies will be withheld and his rule to show cause dismissed, with costs.