CHRISTIAN JOHNSON ET AL., PROSECUTORS, v. NEW-KIRK N. WENTZ, RESPONDENT.

Argued April 8, 1911—Decided April 15, 1911.

An application for license to keep an inn and tavern under the act of April 17th, 1846 (*Gen. Stat.*, *p.* 1788), must be determined by the court on the first day of its session or upon a day then publicly fixed by the court, or upon a day to which the matter has been regularly continued by the court; otherwise the grant of such license is a nullity, and will, upon proper application, be set aside.

On *certiorari.*

Before Justice TRENCHARD.

For the prosecutors, *Charles E. Sheppard* and *John Boyd Avis.*

For the respondent, *James S. Ware* and *Roscoe C. Ward.*

The opinion of the court was delivered by

TRENCHARD, J.  An application for a license to keep an inn and tavern was made by Newkirk N. Wentz on April 26th, 1910, being the first day of the April term of the Court of Common Pleas of Cumberland county.  A remonstrance was filed by the prosecutors of this writ, and others, and the hearing of the application was continued from time to time until May 25th, 1910, when the court "gave counsel leave to file briefs within thirty days," without fixing any day upon which the application would receive further consideration.  On July 8th, 1910, the court granted the license, and this writ brings up for review such action.

The main reason relied upon by the prosecutors is that the court had lost jurisdiction to grant the license.

Section 11 of "An act concerning inns and taverns" (*Gen. Stat., p.* 1789) provides that "all and every person applying to any court authorized by law to grant license to keep an inn and tavern shall make his or her application to the court for said purpose on the first day of the session of said court, and the said court shall, on the first day of said session, or on some other day thereof, publicly fixed on by the said court on the said first day, determine in open court on said application, by granting or refusing the same."

Construing that section this court has held that an application must be determined by the Common Pleas Court on the first day of its session or upon a day then publicly fixed by the court, or upon a day to which the matter has been regularly continued by the court; otherwise the grant of such license is a nullity, and will, upon proper application, be set aside. *Hinchman* v. *Stoepel,* 25 *Vroom* 486; *Cramer* v. *Sooy,* 38 *Id.* 107; *Breese* v. *Winters,* 48 *Id.* 255.

The reason for the rule thus announced is to effectuate the purpose of the statute which is to afford an opportunity to the public to be present at both the hearing and determination of the application.

The application of this rule to the facts of this case as exhibited by the return and herein recited, shows that the court was without jurisdiction to grant the license on July 8th, 1910, and it is set aside, with costs.