THE STATE OF NEW JERSEY v. CORNELIUS REGAN AND
DANIEL REGAN, PROSECUTORS.

Argued June 4, 1901—Decided·November 11, 1901.

1. A conviction under the "Act concerning disorderly persons" must
   be of some offence named in the statute.
2. The conviction in the record in this case is in these terms: "Upon
   the law and testimony, I convicted the defendants of being dis-
   orderly persons, as charged." Such a conviction does not find the
   defendants guilty of any offence.

On *certiorari* to review conviction under the Disorderly act.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutors, *Whealon Berault* and *Howard Carrow.*

For the state, *Louis H. Miller.*

The opinion of the court was delivered by

FORT, J. The complaint in this case is evidently drawn
under section 3 of the "Act concerning disorderly persons."
*Pamph. L.* 1898, *p.* 942.

The complaint is against the defendants jointly, and charges
two offences, upon conviction for either of which the defend-
ants could be adjudged disorderly persons.

The conviction in the record is as follows: "Upon the law
and testimony, I convicted Daniel Regan and Cornelius Regan
of being guilty of being disorderly persons as charged."

The defendants were not charged with being disorderly
persons, nor could they be. The charge against them was
for having (1) "uttered loud, offensive and indecent remarks
* * * concerning the complainant," and (2) "that they
did obstruct and interfere with deponent, he being then and
there lawfully upon the street."

By section 40 of the "Act concerning disorderly persons," it is expressly provided that "in all cases when any person is convicted of having violated any of the provisions of this act" it shall be lawful for the magistrate to sentence to fine or imprisonment. The conviction must be for some offence mentioned in the act. Being a disorderly person is not an offence. A person must first be convicted of violating some provision of the act before he can, in the language of the act, be "deemed and adjudged a disorderly person."

The record does not show that the defendants, or either of them, were convicted of the offence charged, and the proceedings will be set aside; but with costs.