AMMOURETTA VAIL v. PENNSYLVANIA FIRE INSURANCE COMPANY.

Argued February 24, 1902—Decided February 26, 1902.

Under section 126 of the Practice act (*Gen. Stat., p.* 2554), which provides, "that the plaintiff or defendant in any action may aver performance of conditions precedent generally, and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition precedent, the performance of which he intends to contest," where a pleader confines himself to a general averment of the performance of conditions precedent, he is not required to particularly recite the conditions themselves. The section has the effect of imposing upon the opposite party, if he intends to contest the performance of a condition precedent, the duty of setting forth the condition as well as the duty of denying its performance.

On motion to strike out first count of declaration.

Before Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Marlin Wyckoff.*

For the defendant, *Edward M. Colie.*

The opinion of the court was delivered by

PITNEY, J. This court having, at the present term, overruled a general demurrer that had been interposed to the first count of the declaration, defendant thereupon moved, under section 132 of the Practice act (*Gen. Stat., p.* 2555), to strike out the same count, on the ground that it is so framed as to prejudice and embarrass a fair trial of the action.

When the motion was made the demurrer had been overruled, but leave to withdraw the demurrer and plead to the declaration had not been asked or granted. As leave to plead, after demurrer overruled, is not a matter of right, but rests in the discretion of the court, it is plain that, until such

leave be granted, the defendant is not in a position to raise
the objection that the declaration is so framed as to prejudice
or embarrass a fair trial of the action, or to prejudice the
defendant in framing pleas. An issue of law has been joined
and determined, and there remains nothing further to be
tried, nor any further pleadings to be framed.

But after the argument of the motion defendant's counsel
asked leave to plead, and as there seems to be no objection,
it will be granted, on equitable terms to be indicated presently.

At the same time the motion to strike out may be considered
and disposed of. The insistment of the defendant upon this
motion is that since the declaration shows that the policy of
insurance upon which the action is founded contains certain
stipulations in the nature of conditions precedent to be per-
formed by the plaintiff, performance of which is averred gen-
erally under section 126 of the Practice act, the defendant
is entitled to have the stipulations and conditions particularly
set forth in the declaration, so as to be enabled, by its pleas,
to traverse the performance of any one or more of them.

But this insistment proceeds upon a misapprehension of
the respective duties of the parties. It is a familiar rule of
pleading that the plaintiff need aver only such facts as are
necessary to support his action. He is not called upon to
anticipate all possible defences and negative them in advance.
Under the common law system of pleading, in an action of
*assumpsit,* where the defendant's obligation to perform his
undertaking depended upon a condition precedent, such as
the prior performance of some stipulation by the plaintiff,
it was undoubtedly incumbent upon the plaintiff to set forth
such conditions precedent, and aver performance of each of
them or an excuse for non-performance. The necessity for
setting forth the conditions in the declaration arose solely
from the necessity of specially averring their performance.
The essential averment was performance; the condition itself
being inserted only by way of inducement to that averment.
1 *Chit. Pl.* 351, 360; *Vreeland* v. *Beekman,* 7 *Vroom* 13.

Under this method it frequently happened that the declara-

tion was encumbered with voluminous recitals of conditions, accompanied by specific averments of facts to show their performance, when, in truth, the defendant had not the slightest intention of denying that the plaintiff had performed that which the contract called upon him to perform. Of course, a like difficulty arose when the position of the parties was reversed, except that it was the plea, instead of the declaration, that was thus encumbered.

It was to remedy this that section 25 of the Practice act of 1855 was devised. It is found in the present Practice act as section 126 (*Gen. Stat., p.* 2554), and provides as follows:

"That the plaintiff or defendant in any action may aver performance of conditions precedent generally; and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition precedent, the performance of which he intends to contest."

The manifest purpose and effect of this enactment is to do away with the necessity of particularly reciting the conditions in the declaration where it is intended to aver their performance generally, and to impose upon the defendant the duty of setting forth in his plea the condition to which his traverse is directed, as well as the duty of denying its performance.

The precise point now determined seems not to have been heretofore raised in any reported case. But the view just expressed is in entire accord with what was said by Mr. Justice Collins in the recent cases of *Herman* v. *Supreme Lodge,* 37 *Vroom* 77, 78, and *Vail* v. *Pennsylvania Insurance Co., ante p.* 66, and is not in conflict with the earlier decisions in *Dewees* v. *Manhattan Insurance Co.,* 5 *Vroom* 244; *Vreeland* v. *Beekman,* 7 *Id.* 13; *Hecht* v. *Taubel,* 26 *Id.* 419; *S. C.,* 26 *Atl. Rep.* 902.

There may be cases, of course, where a party is not safe in contenting himself with the general averment of performance of conditions precedent; for instance, where his case rests, in fact, not upon performance, but upon an excuse for non-performance, as in *Hillyard* v. *Mutual Benefit Life Insurance Co.,*

6 *Vroom* 415; *S. C.,* 8 *Id.* 444. See, also, *Potts* v. *Point Pleasant Land Co.,* 51 *Atl. Rep.* 622. That is a question, however, which touches, not upon the sufficiency of the pleading, as a pleading, but upon the propriety of adopting the statutory method in a given case.

It may be remarked, in passing, that, under section 126, the defendant must specially plead non-performance of a condition precedent. In the case of *Dewees* v. *Manhattan Insurance Co.,* 5 *Vroom* 244, 253, there is a *dictum* to the effect that such a defence may be availed of under the plea of the general issue. But the contrary was held by the Court of Errors and Appeals, in *Supreme Assembly* v. *McDonald,* 30 *Id.* 248, 252, and *Ottawa Tribe* v. *Munter,* 31 *Id.* 459.

If it be asked, how can the defendant specify the condition in his plea unless he is informed by the declaration what the condition is, the answer is, that it is not the office of the declaration to set forth what the plaintiff's evidence is, but only to aver the facts necessary to sustain the cause of action. The same difficulty many times confronted the defendant under the old common law system. The plaintiff was only required to set forth in his declaration so much of an instrument in writing as was necessary for his own purposes. Even in an action upon a bond with penalty, subject to a condition rendering it void on payment of a smaller sum, his declaration was complete if it contained an averment of the obligatory part. It was incumbent on the defendant, in his plea, to set forth the condition, whereupon the plaintiff replied by assigning a breach of the condition. Section 125 of our Practice act requires the plaintiff, in such a case, to state the condition and assign breaches thereof in his declaration.

At the common law, if defendant desired to avail himself of anything in a deed beyond what was set forth in the declaration, he craved oyer of the deed, after the plaintiff had declared with a *profert in curia. Leyfield's Case,* 10 *Coke* 88; 16 *Encycl. Pl. & Pr. (tit. "Profert and Oyer")* 1082; *Bouv. Dict. (tit. "Oyer"* and *"Profert in Curia")* ; 1 *Chit. Pl. (5th ed.)* 397–399, 463–470.

But profert was not required, nor could oyer be demanded, of any instrument not under seal. In such cases the courts or judges, by analogy to the doctrine of oyer, would, in most cases, order that the party have an inspection and copy of the instrument. 1 *Chit. Pl.* 465.

Under our statutory practice the same object is attained by the demand for a bill of particulars and a copy of any writing, &c. (*Gen. Stat.*, p. 2572, § 236), or by application to the court for an inspection and copy, or permission to take a copy of any material document. *Gen. Stat.*, p. 2559, § 157.

In the present case the motion to strike out the first count of the declaration is denied, with costs.

Defendant has leave to withdraw the demurrer and plead issuably within fifteen days from the filing of this opinion, upon terms of paying the costs of the demurrer and of this motion and accepting short notice of trial.