HENRY A. SAUTTER, ADMINISTRATOR, &c., OF JAMES ANDERSON, DECEASED, v. METROPOLITAN LIFE INSURANCE COMPANY.

Argued February 21, 1906—Decided June 11, 1906.

In a declaration by an administrator, which contains an averment of the grant to him of letters of administration, with mention of their date and the officer by whom granted, the want of profert of the letters of administration is not a defect of sufficient importance to require the court to strike out the declaration.

On motion to strike out declaration.

Before Justices FORT, PITNEY and REED.

For the plaintiff, *James F. Carroll.*

For the defendant, *McCarter, Williamson & McCarter.*

The opinion of the court was delivered by

PITNEY, J.   Defendant moves, under section 110 of the Practice act (*Pamph. L.* 1903, *p.* 569), to strike out the plaintiff's declaration on the ground that it is so framed as to prejudice and embarrass a fair trial of the action, and on the further ground that it fails to make profert of the plaintiff's letters of administration.

The action is upon contract.   The declaration contains three counts.   The first is the familiar combination of the common money counts in *assumpsit,* setting forth sundry indebtednesses from the defendant to the plaintiff as administrator, a promise made by the defendant in consideration thereof to pay these indebtednesses to the plaintiff as administrator, and a breach of this promise.   The second and third are special counts, each setting up a cause of action based upon a policy of life insurance issued by the defendant to the said James A. Anderson in his lifetime, payable to the administrator upon his decease.   A joinder of these counts does not, in our opinion, tend to prejudice or embarrass a fair trial of the action.   An administrator who sues on a cause of action accruing after the death of his intestate may sue in his representative capacity.   *Myers* v. *Weger,* 33 *Vroom* 432, 439.

As to the remaining point, the declaration sets forth the death of James Anderson, and avers that the plaintiff was thereafter appointed administrator of his goods, chattels and credits by Charles M. King, surrogate of the county of Passaic.   There is no profert of the letters of administration, and the question is whether the absence of such profert is a defect

of sufficient importance to move the court to strike out the declaration.

Section 110 of the Practice act, which declares that the court or a judge may strike out any pleading that is irregular or defective, or is so framed as to prejudice, embarrass or delay a fair trial of the action, is but the complement of section 127, which declares that no pleading shall be deemed insufficient for any defect which could heretofore be objected to only by special demurrer. They are derived, through successive revisions, from the act of March 17th, 1855, entitled "An act to simplify the pleadings and practice of courts of law." *Pamph. L.* 1855, *p.* 295, §§ 23, 24. See, also, *Pamph. L.* 1857, *p.* 296; *Revised Practice act of* 1874, §§ 132, 139; *Gen. Stat., pp.* 2555, 2557. In the act of 1855 the prohibition that is now in section 127 came first; the allowance of a motion to strike out immediately followed it. The legislative purpose was to abolish special demurrers for formal defects, leaving the motion to strike out as a partial substitute.

But the language of section 110 is that the court may—not that it must or shall—strike out any pleading that is irregular or defective; and in like form was section 24 of the act of 1855. It is not every trifling and unimportant defect that entitles the opposite party to have a pleading expunged from the record; the court has some latitude of discretion.

It is, of course, conceded by the defendant that the omission from the declaration of profert of letters of administration could, under the former practice, have been objected to only by special demurrer. 1 *Chit. Pl.* (13th *Am. from 6th London ed.*) 366, 420; *New York Trap Rock Co.* v. *Brown,* 32 *Vroom* 536.

Conceding that the absence of profert is a defect in the pleading, it is a defect of purely technical character, and, so far as appears, does not the slightest harm in the present case.

The purpose of making profert of a deed, letters testamentary, letters of administration or other instruments under

seal, is to enable the opposite party to crave oyer thereof. The purpose of oyer is to enable the party craving it to hear the deed, &c., read, so that he may enter it upon the pleading and take advantage of any part thereof not already pleaded by his adversary. Thus a defendant may crave oyer and set out letters of administration if he wish to avail himself of any variance in the statement of them in the declaration. 1 *Chit. Pl.* 431, 432.

But since by our statute letters of administration are made matters of public record, transcripts of which records, are received in evidence in every court (*Pamph. L.* 1898, *p.* 775, § 158), and since by section 102 of the Practice act (*Pamph. L.* 1903, *p.* 567) a defendant may, before plea filed, require of the plaintiff a copy of any record or writing upon which the declaration is founded, and in default thereof may debar the plaintiff from all claim under his declaration, the cases must be rare indeed where the common law method of pleading with profert is of any substantial importance. See *Vail v. Pennsylvania Fire Insurance Co.,* 38 *Vroom* 422, 425.

In our opinion, the want of profert in the present declaration, which contains an averment of the grant of letters of administration, with the mention of their date and the officer by whom they were granted, is not a defect of sufficient importance to require the declaration to be struck out.

The motion will therefore be denied, but without costs.