ALEXANDER P. DUNBAR v. BOARD OF EXCISE OF ELIZABETH AND JAMES FOCARILE.

Argued June 6, 1911—Decided October 20, 1911.

Section 14 of the Malt Liquors act (*Gen. Stat., p.* 1799, *pl.* 73) enacts that the provisions of the act shall not apply to any city in which laws are in force regulating the sale of the liquors mentioned in the act. *Held,* that the intent is to exclude municipalities in which such laws are at any time in force.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *William D. Wolfskeil* and *William F. Groves.*

For the defendants, *John J. Stamler.*

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor seeks to set aside a malt liquor license granted by the board of excise to James Focarile. The first reason alleged is that a license to keep an inn or tavern at the same place was refused within the preceding year to Michael Focarile. This objection cannot prevail. Section 36 of the Inns and Taverns act (*Gen. Stat., p.* 1793, *pl.* 35) is expressly limited to the very kind of license that is refused.

*Cramer* v. *Sooy*, 38 *Vroom* 107. In the present case the character of the license is entirely different from the one that was refused when applied for by Michael Focarile. It is a malt liquor license, not a license to keep an inn and tavern. And the present applicant is not the person whose application was rejected, nor shown to be connected with him.

The second objection is that the applicant did not swear that he would keep a quiet and orderly house as required by section 2 of the Malt Liquors act. *Gen. Stat., p.* 1797, *pl.* 61. It is argued that this section applies to Elizabeth, notwithstanding the fourteenth section (*Gen. Stat., p.* 1799, *pl.* 73), which enacts that the provisions of this act shall not apply to any city in which laws are in force regulating the sale of the liquor mentioned. This argument can only be valid if section 14 excludes only municipalities in which such laws were in force at the time the act was passed. Such a construction is too narrow. The intent evidently is to exclude municipalities in which such laws are at any time in force. We have held that even the use of the word "heretofore" in a statute does not necessarily point to a time prior to the passage of the act. *Butler* v. *Montclair,* 38 *Vroom* 426, 432, and cases there cited. If this construction were at all doubtful, the question would be set at rest by the act of 1909 (*Pamph. L., p.* 98) to establish an excise department in certain cities. Elizabeth is included within the cities affected by the act, the constitutionality of which has been sustained. *Wilson, Attorney-General,* v. *Fromm,* 51 *Id.* 582. This act empowers the board of excise to prescribe by ordinance the form of application to be used. This the board has done and the applicant has complied with the requirements of the ordinance.

The writ must be dismissed, with costs.