KATHERINE ARCHER, PROSECUTRIX, v. FIRST CRIMINAL JUDICIAL DISTRICT COURT OF THE COUNTY OF BERGEN.

Submitted November 4, 1932—Decided November 7, 1932.

Before Justice PARKER, at chambers, pursuant to the statute.

For the prosecutrix, *Jacob S. Karkus.*

For the defendant, *George F. Losche,* deputy attorney-general.

PARKER, J. This case seems perfectly clear to me. The prosecutrix, and some nineteen others, each of whom, as I understand the matter, obtained a writ of *certiorari* from the Chief Justice at sometime last summer, were charged and convicted of being disorderly persons within the intent and

meaning of section 1 of the "act concerning disorderly persons." *Comp. Stat., p.* 1926, as amended by *Pamph. L.* 1928, *p.* 202. The charge in each case was that the party accused "did then and there wander abroad in the open air and not give a good account of himself" (or herself). The proof showed that they were emissaries of some religious organization, and were engaged in distributing its literature from door to door; no question of the literature being in anyway improper is even suggested.

In the usual summary proceeding under the statute, defendants were represented by their present counsel, who raised the point that the complaint was insufficient in failing to include as part of the charge, that they did "lodge in taverns," &c., "or in the open air." He was overruled, and his clients were convicted: and the only point before me is this one of the sufficiency of the complaint.

The language of the statute in this aspect dates at least from the eighteenth century. In the act of 1799, paragraph 410, the clause reads: "or who shall wander abroad and lodge in taverns, inns, beer houses, out houses, houses of entertainment, market houses, barns, or other places, or in the open air, and not give a good account of themselves." The same clause will be found in the Revised Statutes of 1847, at page 564; in the Revision of 1877, at pages 303, 304, apparently without any change in language. To my mind it is aimed specifically at the genus tramp, as one who wanders abroad, sleeps where he can find shelter or in the open air if he cannot or is not particular about it, and does not give a good account of himself. If these three things concur, the statutory definition is satisfied; if one of them is missing, the definition is not satisfied.

The only argument made to support the conviction is that the conjunctive *and* should be read as the disjunctive *or*. In other words, if one wanders abroad, *or* lodges  *  *  * in the open air, *and* does not give a good account of himself, he is a disorderly *person*. But I am unable to warp the statutory language to that extent. As well could it be said that the second *and* preceding the "good account" phrase should be read or. If the reading suggested be adopted, any citizen

taking a walk in the park or on the street, and declining to submit to interrogation by an inquisitive policeman, is liable to prosecution as a disorderly person. I cannot conceive that our forefathers had any such intention in passing the statute of 1799, nor am I aware that any such construction has ever been placed upon it.

The convictions will be set aside.