JOSEPH BREISIA, PROSECUTOR-DEFENDANT, v. THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF HUDSON, RESPONDENT-COMPLAINANT.

Submitted October 13, 1933—Decided December 7, 1933.

For the prosecutor-defendant, *Levitan & Levitan* (*Abraham Levitan*).

For the respondent-complainant, *James A. Hamill.*

Before Justices CASE, BODINE and DONGES.

PER CURIAM.

The prosecutor seeks to set aside his conviction for the offense of wandering abroad on a public street and not giving a good account of himself. The offense was alleged to be

under section 1 of An act concerning disorderly persons. (Revision of 1898.) Prosecutor is a married man, thirty years old, living with his family at a fixed abode and working at trucking when employment existed. He was observed wandering from the Palace lunch at about two o'clock in the afternoon of the day in question.

A conviction under the act must be for some offense under the statute. *State* v. *Regan,* 67 *N. J. L.* 106; 50 *Atl. Rep.* 591. The prosecutor challenges the conviction.

The question before us is whether wandering abroad on a public street and not giving a good account of oneself is a disorderly act under the statute in question. Mr. Justice Parker, in *Archer* v. *First Criminal Court of Bergen County,* 10 *N. J. Mis. R.* 1159; 162 *Atl. Rep.* 914, held not. The decision, though perhaps not binding upon us, is persuasive since the statute is aimed at paupers or those "who shall wander abroad and lodge in taverns, inns, beer-houses, outhouses, houses of entertainment, market houses, barns, or places or in the open air, and not give a good account of themselves." 2 *Comp. Stat., p.* 1927.

To arrive at any other conclusion violence must be done to the legislative language, and any citizen and householder will be subject to arrest because a police officer does not like his manner of walking and answering questions.

The conviction will be set aside.