THE STATE, THE WEST JERSEY TRACTION COMPANY, PLAINTIFF IN ERROR, v. THE BOARD OF PUBLIC WORKS OF THE CITY OF CAMDEN, DEFENDANT IN ERROR.

In a contest, raised in a *certiorari* proceeding, between two street railways, each claiming the exclusive right to lay its tracks in a certain street, the prosecutor failed altogether to show its own interest in such controversy. *Held*, that the prosecutor had no standing in court to question the right of its adversary.

On error to the Supreme Court. For opinion of Supreme Court, see 27 *Vroom* 431.

For the plaintiff in error, *Thomas E. French* and *Lindley M. Garrison*.

For the defendant in error, *E. Ambler Armstrong* and *David J. Pancoast*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a controversy between two street railway companies, touching their respective claims to lay a track for their cars in one of the streets of the city of Camden. By a certain ordinance passed by the board of works of that municipality, permission was given to the Camden Horse Railroad Company to construct its road in the street in question. This ordinance was brought before the Supreme Court by a *certiorari*, the prosecutor of which was the West Jersey Traction Company, the plaintiff in error, being a corporation organized under the general law of this state enacted in the year 1893. *Gen. Stat., p.* 3235. The principal ground of complaint against the ordinance thus placed under judicial scrutiny was that the board of works had awarded the franchise in dispute to the Camden company without giving the plaintiff in error an opportunity to be heard, although it had filed a petition setting up a superior right to the privilege

thus in contest.   Its contention was that its own petition and the application for the same franchise raised a judicial question which could not be decided by the board of works until a hearing had been tendered to each of the contestants.

This being the nature of the controversy, on the return of the *certiorari,* the prosecutor thereof, the West Jersey Traction Company, obtained a rule to take testimony ; and, in order to show its right to stand as actor in the proceeding, and its title to the franchise in litigation, endeavored to prove that, in accordance with the general act referred to, it had filed a survey and map in the office of the secretary of state which demonstrated the lines of track it undertook to construct.   The object of the production of this evidence was to show that one of the lines so projected ran through the street in question in the city of Camden.   It will be observed, therefore, that without the establishment of this fact this traction company was destitute of all semblance of right to claim for itself the franchise in question, or to dispute the validity of the grant to its adversary.

In making this necessary proof the traction company produced a paper purporting to be a survey and map meeting the statutory requisites, certified to by the secretary of state.   The introduction of this document was objected to by the opposing party on the ground that the secretary of state had no legal power to so authenticate the instrument as to make it admissible in evidence.

In the Supreme Court it was held, on the plainest principle of the law of evidence, that the paper in question could not be received, and it being overruled, the plaintiff was left as an actor in court without the competency either to claim or to contest a right.   This result necessarily led to the dismissal of the *certiorari,* and it is that decision that is now before this court on this writ of error.

The contention before us is not that the Supreme Court fell into an error in overruling the testimony just mentioned, for it seems to be admitted that the judicial course pursued in that respect was correct, but that the mistake was in the dis-

missal of the writ of *certiorari.* The view on this subject presented in the brief of counsel of the plaintiff in error is that the allowance of the *certiorari* by the judge who directed it to be issued had the effect to make a *prima facie* case with respect to the right of the plaintiff to stand as the prosecutor of the writ, and having such *status* it could challenge the legal claim of the Camden company, even if it had failed to prove its own.

The principal case relied on to justify such contention is that of *Avon* v. *Neptune City,* reported in 28 *Vroom* 362. This case was decided in this court, and it must be admitted that the opinion that was prepared contains expressions which, if interpreted by the force of their terms alone, and without reference to the facts to which they were applicable, would certainly appear to justify the contest raised at this time by the plaintiff in error. But the legal juncture then to be passed upon did not call for the enunciation of so broad a doctrine as that the allowance itself of the writ of *certiorari* operates as a decision in favor of the prosecutor, so far as his right to stand in court as a prosecutor is concerned, and that such decision shall suffice, "in the absence of proofs to the contrary." And we do not think that this would be a correct exposition of the rule of practice. When a judge is called upon in a proceeding *ex parte,* to allow a *certiorari,* he must be reasonably assured of two things, first, that there is some illegality to be complained of, and second, that the party seeking the remedy is entitled to it; but the *allocatur* no more adjudges the one fact than the other. By force of our rule of court such assurance is required to be made by an affidavit, but such oath has no semblance of juridical testimony. The rules of evidence are not applied to it and it is used against a party who has no knowledge of its existence. Such a basis as this is incapable of supporting anything in the nature of a judicial decision; all that it lays a ground for is that the judicial officer, resting his opinion upon it, may say that there is presented to him a matter that it is proper to put in the course of legal inquiry. The allowance of the writ can have

no greater force than that ; it can have no effect on the trial of the issue between the litigants, for when the litigation reaches that stage the prosecutor must, if required, expressly or impliedly, prove his legal *status* as the actor in the suit. That this must be so is evident when we remember that it is the legal right of a person, in the possession of any valuable thing, to be exempt from all litigation with respect to it except such as may be waged by some one having an interest in it, and such an immunity is a valuable legal right which cannot in anywise be impaired by an *ex parte* decision founded on an *ex parte* affidavit.

It is true that, in some cases, as our reports exhibit, the court will infer that the *status* of the plaintiff in *certiorari* exists from the fact that, in the given case, the proof of it is a mere form, as, for example, when a public tax is questioned, as is alleged, by a citizen and taxpayer. Under such circumstances it may well be reasonably presumed, in the absence of any call for evidence on the subject, that the qualifications of the prosecutor of the writ were assumed and admitted by the parties *sub silentio.*

In the case now before us the record shows that the right of the plaintiff to prosecute the injury was challenged, for when it offered its testimony in that regard it was objected to, on the ground of its illegality, by the opposite party. Such an exception was a very plain notice that the plaintiff must make strict proof of its *status.*

Nor should this subject be left without the further remark that if the rule just discussed had existed in the form and to the extent claimed, it would not have availed on the present occasion. The reason of this is that the fact necessary to be proved to show the prosecutor's *status* is likewise necessary to show its right on the legal merits of this case. It will be remembered that the plaintiff asserts its case in this wise : that by filing a survey and map of a certain character in the secretary of state's office it has acquired a right paramount to the claim of its adversary, and that although no proof has been made of such filing, nevertheless such fact must be inferred from

the allowance of the *certiorari*.   Such a case, it is obvious,
rests upon an oath made by one litigant in the absence of
the other, the theory being because the judge decided that the
circumstances thus sworn to *ex parte* are sufficient to induce
him to order a judicial examination of the matter, that thereby
a *prima facie* case is made by the applicant for the process in
its favor on the trial of the merits.

Such an hypothesis needs no argumentative refutation.  Such
a course of law, even if it had a legislative sanction, would
be of no force, as the proceeding would be inconsistent with
the fundamental essentials for the dispensation of justice by
judicial tribunals.   A trial in a court resulting in a judgment
in favor of one of the litigants founded on his own *ex parte*
affidavit would present an anomaly utterly incompatible with
our legal system.

Let the judgment be affirmed.

GARRISON, J.   The judgment of the Supreme Court, dis-
missing this writ of *certiorari*, should be affirmed.   The
plaintiff in error failed, in the court below, to maintain by
competent proof the burden of its case on the merits.   The
action of the board of public works, in making a *quasi*-judi-
cial decision without notice to the prosecutor, was illegal only
in case the prosecutor had filed in the office of the secretary
of state a survey and map covering the street in question.   In
order that the Supreme Court could nullify the action of the
board of works, the prosecutor must establish in the cause the
fact that such survey and map had been filed.   This it failed
to do.   The dismissal of its writ was, in view of this circum-
stance, inevitable and must be affirmed.

This disposes of the assignment of error.

Whether the plaintiff in error had the requisite *status* to
prosecute a writ of *certiorari* in this matter, is not in contro-
versy.   It was not obliged to prove its *status* to the Supreme
Court, and it did not in any way appear from the testimony
that it lacked all legal interest in the pending controversy.

Under circumstances such as these this court will not adjudicate the question of a prosecutor's right to his *allocatur.* *Avon* v. *Neptune City, supra.*

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN. 14.

*For reversal*—None.