THE BOYNTON REAL ESTATE COMPANY, RESPONDENT, v. THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, APPELLANT.

Argued November 21, 1919—Decided March 1, 1920.

1. A notice given in pursuance of *Pamph.* L. 1917, *p.* 319, ¶ 9, as amended by *Pamph.* L. 1918, *p.* 484, ¶ 9, known as the Municipal Corporation act, which states that "notice is hereby given that an ordinance has been introduced for the improvement of the road from West Pond to Kinsey Corner by grading and paving the same in the manner described in the said ordinance, as amended," is insufficient. It does not "briefly describe the proposed improvement" as required by the statute.
2. Precision in describing the improvement may not be necessary under such a notice, but the substance of what the improvement is, is essential to be stated.

On appeal from the Supreme Court.

For the appellant, *J. H. Thayer Martin.*

For the respondent, *Russell E. Watson.*

The opinion of the court was delivered by

BLACK, J. The facts of this case are quite fully set out in the opinion of Mr. Justice Bergen. He set aside the ordinance passed for the improvement of a road from West Pond to Kinsey Corner, in the township of Woodbridge. The ordinance provides for the grading and paving of the road to a width of seventeen feet, pursuant to the statute (*Pamph. L.* 1917, *p.* 319, ¶ 9, as amended by *Pamph. L.* 1918, *p.* 484, ¶ 9), known as the Municipal Corporation act.

The only point involved in this discussion is the application of that section to the facts of this case. That part of the section drawn into the controversy reads as follows: "Public notice shall be given to all persons whose lands may be affected thereby or who may be interested therein, of the intention of the governing body to consider the undertaking of such improvement. Such notice shall state the time when and the place where such governing body shall consider the said ordinance, and shall briefly describe the proposed improvement."

The notice stated: "Notice is hereby given that an ordinance has been introduced for the improvement of the road from West Pond to Kinsey Corner by grading and paving the same in the manner described in the said ordinance as amended. Said ordinance as amended further provides for financing such improvement and for assessment of one-half of the cost thereof on the property benefited;" then states the time and place, where and when the ordinance would be considered. We concur with the Supreme Court on the point that the notice is not sufficient to satisfy the terms of the statute. It does not briefly describe the proposed improvement.

It may be difficult; it seems impossible to formulate a definition of the words in the statute "briefly describe the proposed improvement" that will fit all cases or that would have any practical value; perhaps, the sufficiency of the notice can only be determined from concrete cases as they may arise. The meaning of the word "notice" in a statute is knowledge or information—whatever puts one upon inquiry amounts to notice. 5 *Words and Phrases* 4840. "Briefly"

means concisely, in a few words.  *Webster's Dictionary.*  A short or abridged statement.  *Standard Dictionary.*  To "describe" means to narrate, express, explain.  *Webster's Dictionary.*  At all events, precision in describing the improvement under such a notice may not be necessary, but the substance of what the improvement is, is essential to be stated.  That cannot be ascertained from the notice in this record.  Some facts relative to the grading and paving should be stated, so that the property owner may know how he is to be affected by the improvement.

As we concur with the Supreme Court in holding the notice in this case insufficient, we deem it unnecessary to express any opinion upon any other point.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ.  12.

*For reversal*—None.