## ALBERT HAAKE, PROSECUTOR, v. BOROUGH OF NORWOOD.

### Decided June 13, 1923.

**Ordinances—Municipal—Street Paving—Validity of Procedure in Passage Also of Referendum—Facts Considered.**

On *certiorari*.

Before Justice PARKER, sitting alone, pursuant to the statute.

For the prosecutor, *Fred W. Mattocks.*

For the defendant, *Le Roy Vander Burgh.*

Memorandum of decision for the information of counsel.

The writ brings up an ordinance passed December 5th, 1922, relative to the grading, macadamizing and draining of Summit street, &c., with all things touching the said ordinance and the ratification of the same. The attack is on the procedure of passage of the ordinance by the council and also on the validity of a special referendum election held thereon in view of a protest by more than ten per cent. in valuation of the taxpayers.

I conclude that the procedure was defective because the notice of intention was not properly given; or, to put it in another way, because council considered the ordinance without giving such notice.

The procedure followed was this:

On November 14th, 1922, the ordinance was introduced without previous notice, read by the clerk, and on motion, passed its first reading, and council directed notice of intention to "consider" the proposed improvement and the final passage of the ordinance as December 5th, on which date there was a hearing and the ordinance was finally passed.

In *Boynton Co.* v. *Woodbridge,* 109 *Atl. Rep.* 514, Mr. Justice Bergen, sitting as the Supreme Court, held that the giving of the first reading amounted to some "consideration" of the ordinance and was irregular without previous notice thereof. This decision is controlling on this case. It is said that the cases differ, because, in the Boynton case, amendments were added at first reading, but I see no logical distinction between the decision of council to amend and its decision that the ordinance is good enough to go to second reading without amendment.

This result makes it unnecessary to deal with the other grounds of attack. It is urged that prosecutor is in laches or estopped because he appeared and argued against the improvement, and also joined in the demand for a special election and permitted council to incur the expense thereof without challenge to the prior procedure. I am unwilling to say that he should be barred on this account. No contract has been awarded, nor, so far as appears, have bids been advertised for. In *Scheible* v. *Hightstown,* 93 *N. J. L.* 69, 73, prosecutor refrained from attacking a special election until after the soldier vote had come in and been counted, and was held not in laches. No rights of a contractor have intervened in this case, and the expense of the election seems insignificant, especially as the "Norwood Improvement Committee," apparently a private organization, seems to have ordered the ballots and sent out the samples. The moral impropriety of sending out the samples marked in the affirmative is manifest, but the legal aspect of it, for reasons already given, requires no discussion at this time.

The ordinance will be set aside, with costs.