HENRY T. KAYS ET AL., PROSECUTORS, v. THE TOWN OF NEWTON, TOWN COMMITTEE OF THE TOWN OF NEWTON AND HARRY D. MASTERS, TOWN CLERK OF THE TOWN OF NEWTON, DEFENDANTS.

Submitted November 4, 1927—Decided February 10, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Dolan & Dolan (Henry T. Kays,* of counsel).

For the defendants, *Charles T. Downing.*

PER CURIAM.

Apparently we have before us in this matter twenty-four writs of *certiorari.*

It is stipulated "by and between the parties to the various writs of *certiorari* in these proceedings that the return made by the town of Newton, town committee of the town of Newton and Harry D. Masters, town clerk of the town of Newton, to any one of said writs shall constitute a return to all of said writs, and that at the argument before the New Jersey Supreme Court all of said writs shall be consolidated, and the arguing of one shall constitute the arguing for all of the same, except that where there are facts peculiar to the case of any prosecutor, special argument may be made on the same and considered as if the return had been made in the case of such prosecutor." It is further stipulated "that a state of the case for one writ shall constitute the state of the case for all writs, and the briefs filed for one writ shall constitute the briefs filed for all writs."

The state of the case disclosed that there is thus brought up for review a certain ordinance passed by the town committee of the town of Newton, on the 16th day of August, 1927, entitled "An ordinance providing for the construction, paving, repaving, curbing, recurbing, improving and repairing the sidewalks on both sides of the following-named streets: Liberty street, Division street, Church street, Adams street, Washington street, Jefferson street, Hamilton street,

Union Place from Spring street to Trinity street, Moran street from Spring street to Elm street, Halsted street from Main street to the sidewalk bordering the school ground, Madison street from Spring street to Halsted street."

The prosecutors of these writs are the owners of lands fronting or bordering on one or more of the streets named in the title of the ordinance, and by section one thereof were "directed to construct, pave, repave, curb, recurb, improve and repair at his or their own proper cost and expense the sidewalks on both sides of" those named streets; and by section two it was ordained that "said construction, paving, repaving, curbing, recurbing, improving and repairs of said sidewalks and curbs shall be done in accordance with the plans and specifications prepared by the town engineer and approved by the town committee, provided, however, that nothing herein shall be construed to affect any sidewalks or curbs on said streets now built in accordance with said plans and specifications;" and by section three it was further ordained that "the cost of said work shall be paid by the property owners fronting or bordering thereon, either in cash or in five annual installments, and if the same is paid in installments, each installment shall bear interest at the same rate as the town of Newton is obliged to pay for the money borrowed to pay for said sidewalks."

Numerous objections are urged against the validity of this ordinance. Some of them seem to be without merit; some of them seem to be of a debatable character, and one of them we believe to be plainly meritorious, and that we will refer to more particularly.

A fatal objection to the ordinance, and one which every one of the prosecutors is entitled to take advantage of is this: While the ordinance required that such paving, repaving, curbing, recurbing, &c., "shall be done in accordance with plans and specifications prepared by the town engineer and approved by the town committee," as a matter of fact no plans or specifications were thus prepared or approved at the time of the hearing upon or passage of the ordinance, and, indeed, there were none such until weeks after the passage of the or-

dinance. There was therefore nothing from which any property owner, even though he had notice or attended the hearing, could ascertain what was expected of him in the way of paving, repaving, curbing, recurbing, &c., the sidewalk in front of his property. The ordinance provided for payment therefor by the property owner, and this meant an assessment, and yet no property owner had any means of ascertaining the kind, character and extent of the paving or curbing he was required to do, until the early part of September, after the passage of the ordinance.

It is to be noticed that the ordinance required the property owners not only to pave and repave, but also to curb and recurb.

Now, we deem it to be settled law that property owners to be affected by an ordinance requiring them to pave and repave, curb and recurb sidewalks, are entitled to the hearing accorded them by the statute (*Logan* v. *Belsford,* 94 *N. J. L.* 505), and that notice thereof, which shall, at least, briefly describe the proposed improvement, shall be given, so that the property owner may know how he is to be affected by the improvement, to the end that he may express his views intelligently before the ordinance is adopted. *Boynton Real Estate Co.* v. *Woodbridge Township,* 94 *Id.* 226; 109 *Atl. Rep.* 514. Apparently the defendants recognized the necessity of notice and hearing, and attempted to give such notice, but concede that, with respect to some of the prosecutors, they failed to give any notice whatsoever.

But in no case, as we have indicated, was any *sufficient* notice and hearing given, because no plans or specifications were prepared or approved until after the passage of the ordinance. We therefore think that such ordinance is a nullity.

The defendants argue that the prosecutors were in laches in applying for their writs. To this there are two answers— first, while it appears that the writs were granted September 20th, 1927, it does not appear when the writs were applied for, and secondly, and more conclusively no motion was made for dismissal of the writs.

The ordinance brought up will be set aside.