J. EMERSON JACKSON, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF GLOUCESTER CITY, RESPONDENTS.

Submitted January 27, 1928—Decided May 3, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Frank F. Neutze.*

For the respondents, *Charles W. Letzgus.*

PER CURIAM.

The writ of *certiorari* brings up for review the proceedings of the mayor and common council of the city of Gloucester upon the adoption of an ordinance entitled "An ordinance creating and establishing clerk of the water department of the city of Gloucester, defining his duties and fixing fees therefor."

At a meeting held December 1st, 1927, the ordinance, by reading of its title, was passed upon first reading, and at the same meeting, by a reading, section by section, was passed upon its second reading.

Notice was published of a hearing upon such ordinance to be had at a special meeting to be held December 29th, 1927, at eight P. M. This was also the date of an adjourned meeting of the governing body. The special meeting was called for seven P. M., although the hearing upon the ordinance was noticed for eight P. M. The special meeting was actually opened shortly before eight P. M., and the proceed-

ing upon hearing and final passage of the ordinance was concluded shortly after eight P. M.

The first reason urged for setting aside the proceedings and ordinance is that in violation of the statute the ordinance was passed upon first and second readings prior to public hearing thereon.

In *Haske* v. *Norwood*, 99 *N. J. L.* 479, it was held that the reading of an ordinance and its passage upon first reading, as shown by the minutes of the governing body, was a consideration of such ordinance in violation of the statute (*Pamph. L.* 1918, *p.* 484), requiring the giving of notice of intention to consider, after introduction.

The statute in existence at the time of the proceedings in question was chapter 228 (*Pamph. L.* 1926), and so far as is applicable to the present question is in the following language:

(a) "Every ordinance after being introduced and having passed a first reading shall be published at least once in a newspaper published and circulating in the municipality, * * * together with a notice of the introduction thereof and the time and place when and where such ordinance will be further considered for final passage."

(d) "At the time and place so stated in such publication, or at any time and place to which such meeting or the further consideration of such ordinance shall from time to time be adjourned, all persons interested shall be given an opportunity to be heard concerning such ordinance."

(e) "At or after such hearing the governing body may proceed to give such ordinance a second reading or amend the same, and thereupon pass or reject such ordinance with or without amendment * * *."

It is apparent that the proceedings under review violated this statute.

The next reason is that a special meeting could not be called between the regular meting of December 1st, 1927, and the date of its adjournment December 29th, 1927, at eight P. M.

As a general proposition we think this is without legal merit. The fact that this special meeting was called for

seven P. M., and the hearing upon the ordinance in question was advertised for eight P. M., and the proceedings of such special meeting being actually under way prior to eight P. M., might, upon a showing that such hearing was undertaken before eight P. M., have raised a serious question, fatal to the proceedings under review. In view of our findings under the previous reason, and of the fact that the proofs do not definitely show that any proceeding upon the ordinance in question was had before eight P. M., we feel that this question is not important.

The final reason urged is that the prosecutor has no standing to prosecute this writ, because the proofs do not show that he is a citizen or taxpayer of the city of Gloucester.

But we think this point is not well taken. Where, as here, the prosecutor seeks the review as a citizen and taxpayer, and his status as such has not been attacked by the proofs or other proceeding prior to the argument on final hearing, we think the weight of authority in this state is that his qualification as a prosecutor are beyond attack.

In *Athletic Association* v. *New Brunswick*, 55 *N. J. L.* 279, this court held that the objection to prosecutor's standing not being presented by way of motion to vacate the *allocatur* or to dismiss the writ but upon the hearing of the cause, it was not necessary for the prosecutor to take affidavits to establish such right to prosecute as such standing must be presumed from the *allocatur*.

In *Avon* v. *Neptune City*, 57 *N. J. L.* 362, this court also held that the allowance of a *certiorari* is an adjudication that the prosecutor therein has a right to the writ which will maintain his standing in court until it is attacked by evidence. Citing *Athletic Association* v. *New Brunswick, supra.*

To the same effect is *Biddle* v. *Riverton*, 58 *N. J. L.* 289, and *West Jersey Traction Co.* v. *Shivers*, 58 *Id.* 124.

*West Jersey Traction Co.* v. *Camden* (*Court of Errors and Appeals*), 58 *N. J. L.* 362, would seem to be to the contrary, but in that case the prosecutor did not appear as a citizen and taxpayer, and its standing was attacked by the proofs taken under the writ.

Following this we have *Tallon* v. *Hoboken,* 59 *N. J. L.* 383, where this court followed *West Jersey, &c.,* v. *Camden, supra,* but this again is a case in which the standing of the prosecutor seems to have been attacked and contested by the proofs.

In *Smalley* v. *Raritan,* 63 *N. J. L.* 201, this court said: "The differing opinions read in the cases of *Avon* v. *Neptune,* 28 *Vr.* 701, and *West Jersey Traction Co.* v. *Camden,* 29 *Id.* 362, have left involved in some doubt the question of the duty of the prosecutor of a *certiorari* to prove on final hearing his interest in the controversy he incites, but I understand it to be settled that whenever it does in fact appear that a prosecutor has no such interest the writ should be dismissed as to him. *Tallon* v. *Hoboken,* 31 *Id.* 212."

In *White* v. *Atlantic City,* 62 *N. J. L.* 644, this court, through Chief Justice Gummere, spoke, we think, most definitely, as follows:

"The rule that the plaintiff in *certiorari* must prove his status is not universal, *and those cases in which he prosecutes as a citizen and taxpayer are exceptions. In those cases his right to prosecute will be presumed to exist without proof in the absence of any call for evidence on the subject. West Jersey* v. *Camden,* 29 *Vr.* 362."

From thence forwarded the cases in this court and in the Court of Errors and Appeals appear to be in accord and harmony with this pronouncement.

*Lantry* v. *Sage,* 69 *N. J. L.* 560; *Rehill* v. *East Newark,* 73 *Id.* 221; *Bergen Bus Line* v. *Hackensack,* 4 *N. J. Mis. R.* 167, where the prosecutor was not a taxpayer, but one having a personal and property interest especially and immediately affected by the action complained of, and there was no attack upon such status, the rule in *Tallon* v. *Hoboken, supra,* and *Montgomery* v. *Trenton,* 36 *N. J. L.* 79, was applied.

But in *Jordan* v. *Dumont,* 6 *N. J. Mis. R.* 311, where the prosecutor stood upon his rights to prosecute as a citizen and taxpayer, and it appeared that the writ was granted *ex parte* and no proofs taken thereunder, and objection was made to the standing of the prosecutor on the argument this court dismissed the writ. This was upon authority of *West Jersey* v. *Camden, supra.*

As before stated, however, we conclude that the weight of authority in this state is that in a situation such as that before us the status of the prosecutor is not open to attack in the manner here attempted.

The ordinance and proceedings under review will be set aside.