CLIFTON JORDAN, APPELLANT, v. BOROUGH OF DUMONT ET AL., RESPONDENTS.

Submitted May 26, 1928—Decided December 6, 1928.

For the appellant, *J. Emil Walscheid.*

For the respondents, *William M. Seufert.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* to review the action of the mayor and council of the borough of Dumont, in the county of Bergen, awarding a contract to the respondent I. B. Miller, Incorporated, for the improvement of New Milford avenue in that borough.

The Supreme Court dismissed the writ upon the ground that there was nothing in the record before it showing that the prosecutor was a citizen and taxpayer and an owner of lands on the line of the improvement subject to assessment, thus having an interest in the controversy giving him a legal right to prosecute this review.

The Supreme Court, in reaching this conclusion, relied upon *West Jersey Traction Co.* v. *Camden*, 58 *N. J. L.* 362, where, we conclude, the situation was not analogous to the case *sub judice.*

In *Jackson* v. *Gloucester City*, 6 *N. J. Mis. R.* 451; 141 *Atl. Rep.* 743, the Supreme Court held, after a review of the authorities in this state, that "where a prosecutor seeks by *certiorari* to review, as a citizen and taxpayer, an ordinance * * * and his status as such has not been attacked by proofs or other proceedings prior to an argument on final hearing, prosecutor's qualifications are beyond attack."

We find that the rule thus laid down is the true and correct one and adopt it.

The judgment of the Supreme Court was therefore erroneous and must be and is reversed.

The court below did not pass upon the merits of the matters brought up by the writ.

Although this court has the power to pass upon the merits and may do so if it so desires. *Hoxsey* v. *Paterson*, 39 *N. J. L.* 489; 40 *Id.* 186; *Middleton* v. *Roberts*, 54 *Id.* 566 (at p. 574); *East Brunswick* v. *New Brunswick*, 57 *Id.* 145 (at

*p.* 146) ; *Smith* v. *Ocean Castle,* 59 *Id.* 198; *State* v. *Rodgers,* 91 *Id.* 212; *Passaic* v. *Gross,* 99 *Id.* 409 (at *p.* 413) ; *Gross* v. *Hague,* 99 *Id.* 457. Yet we conclude that, in the present matter, we should not pursue such course and the record will therefore be remitted to the Supreme Court to the end that that court shall hear and pass upon the questions involved according to the rules and practices of that court.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.