JULIUS WEISSINGER ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE TOWNSHIP OF TEA-NECK, ETC., RESPONDENTS.

Submitted May term, 1932—Decided October 7, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutors, *George F. Losche.*

For the respondents, *DeBaun & Westervelt.*

PER CURIAM.

There are before us three writs of *certiorari,* all directed at and presenting for review an ordinance of the township of Teaneck, adopted June 16th, 1931, entitled "An ordinance to repeal an ordinance entitled 'An ordinance to accept the provisions of an act of the legislature of the State of New Jersey, approved March 31st, 1926, and known as chapter 312 of the laws of 1926, creating a board of three assessors for the township of Teaneck.' "

Concisely stated the effect of this repealing ordinance was to oust from office the three prosecutors as a board of tax assessors, and to pave the way for the appointment of a single assessor of taxes, which was the result.

The records in these cases do not show when the applications for these writs were made. *Allocatur* in each instance is December 8th, 1931.

It is reasonable to assume that this was promptly after application therefor.

Respondent raises and urges before us laches on the part of the prosecutors.

As against this the prosecutors urge that this is untimely and should have been promptly made upon a motion to vacate the writs, citing *Kays* v. *Newton,* 6 *N. J. Mis. R.* 163; 140 *Atl. Rep.* 425.

We conclude that that case has no application here and is not controlling or binding upon us. In that case the matter under review was an ordinance for the curbing and construction of sidewalks, &c., in certain sections of Newton. The ordinance was passed August 16th, 1927, and the writs of *certiorari* were allowed September 20th, 1927, practically one month thereafter and this court there said, upon this question: "It does not appear when the writs were applied for, and secondly, and more conclusively no motion was made for dismissal of the writs."

Now, undoubtedly, the proper practice is that where an application for a writ of *certiorari* is made to review municipal action, upon notice to the municipality, the question of laches, as well as the question of the standing of the applicant, should then be brought into question as, in part, held in *Jordan* v. *Dumont,* 105 *N. J. L.* 197; 143 *Atl. Rep.* 843.

But here we have two situations that seem to, and do compel us, to reach a conclusion that *Kays* v. *Newton, supra,* and, by analogy, *Jordan* v. *Dumont, supra,* are not controlling, and they are:

1. There is nothing in the record before us showing that the present writs were allowed upon application, with notice to the respondent. If that be true, and for lack of record proof to the contrary it must be assumed, respondent had no opportunity to urge laches, upon the allowance of the writs of review.

2. After allowance of the writs in question the respondent might well have, and we indicate as the proper practice, should have, made application for revocation of *allocatur* upon the grounds of laches, nevertheless, we conclude that it should not, under the circumstances, be precluded from urging that ground for a dismissal of the writs at this time.

Without entering upon any discussion of the merits of the matter before us, it is enough to indicate that if we did so and the result should be the setting aside of the ordinance under review, the assessments for taxes in the township for the years 1932 and 1933, would become subject to question. Now this would affect not only the local revenues of the township, but those of the county of Bergen and the state, or at least would raise a seriously debatable question as to whether any taxes assessed and levied in the township for the years 1932 and 1933 were legally assessed and levied and payable by the property owners and citizens of Teaneck. We think there can be no more important function of local government delegated by the legislative department of the state to municipalities than that of taxation. The legal and proper exercise of this delegated right, necessarily, goes directly to the very heart and vitals, indispensable to the continued life of the taxing district, the county and the sovereign power, the state.

*Kays* v. *Newton, supra,* had application only to assessments for special benefits and applied only to a small and negative quantity of persons as landowners. The situation before us reaches out immeasurably beyond this.

The ordinance attempted to be reviewed was adopted June 16th, 1931, the present writs were not allowed, and presumptively not applied for, until December 8th, 1931. The result is that the prosecutors delayed their application for a period of more than five months and that in face of the fact, and law, that all assessments and levies for taxes for the year 1932 were required by statute to be made as of October 1st, 1931.

If we should pass upon the merits of these matters before us, and perchance should be compelled, in strictness to hold that the ordinance in question should be set aside, what would be the result? Indubitably it would be that all assessments for taxes, local, county and state in the taxing district would be open to question and perhaps attack because based upon assessments and valuations of a legally incompetent, and impotent, assessment officer.

In such a situation this court has never been willing and, in fact, has repeatedly denied the right.

We have, therefore, reached the conclusion that under the circumstances of the present cases, the prosecutors did not timely and expeditiously sue out the present writs and that the respondent, upon the ground of public policy, and expediency, as well as necessity, is not precluded from now raising the question of laches.

The writs before us are therefore dismissed, as improvidently issued.